PHILLIP A. TALBERT
United States Attorney
DAVID GAPPA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone (559) 497-4000

NADIA C. PRINZ
Trial Attorney
U.S. Dept. of Justice, Criminal Division
Child Exploitation and Obscenity Section
1301 New York Avenue NW, 11th Fl.
Washington, DC 20005
Telephone: (202) 774-7562
E-mail: nadia.prinz @usdoj.gov

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:20-CR-00040 DAD-BAM |
| Plaintiff, | GOVERNMENT MOTIONS IN LIMINE |
| v. | DATE: July 26, 2022<br>TIME: 8:30 a.m.<br>COURT: Hon. Dale A. Drozd |
| CHRISTOPHER JEORGE MILLICAN, | |
| Defendant. | |

The United States of America by and through its attorneys, PHILLIP A. TALBERT, United States Attorney for the Eastern District of California, DAVID L. GAPPA Assistant United States Attorney, and NADIA PRINZ, Trial Attorney makes the following motions:

1. <u>Reference to Penalty or Punishment:</u>

The United States moves for an order precluding the defendant, his attorney(s), or any witness(es) from making any comment or reference, whether direct or indirect, to penalty or punishment in this case. "It is well established that when a jury has no sentencing function, it should be admonished to reach its

verdict without regard to what sentence might be imposed." Shannon v. United States, 512 U.S. 573, 579 (1994) (footnote and citation omitted). A jury's task is to "find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged," while a judge "imposes sentence on the defendant after the jury has arrived at a guilty verdict." Id. The Supreme Court has recognized that presenting jurors with information regarding the consequences of their verdict "invites them to ponder matters that are not within their province, distracts them from their fact-finding responsibilities, and creates a strong possibility of confusion." Id. Evidence or argument relating to a potential mandatory minimum sentence, or any other punishment, is "irrelevant to the jury's task" of determining if the defendant is guilty of the crimes charged. Id. See also Rogers v. United States, 422 U.S. 35, 40 (1975) (stating that "the jury ha[s] no sentencing function and should reach its verdict without regard to what sentence might be imposed").

The defendant is facing a mandatory minimum sentence of imprisonment of at least fifteen years for count one and five years for count two with a maximum potential fine of $250,000 for each count. In making this motion, the United States seeks to preclude any reference to any kind of potential penalty or punishment involved in this case. This motion includes any reference to penalty or punishment at any time during the trial, but especially during questioning of the defendant, or any of his witnesses. If the defendant were to testify, this motion also seeks to preclude any questioning by the defendant's attorney regarding the defendant's career or future plans, because this line of questioning could put the issue of penalty or punishment in front of the jury. United States v. Frank, 956 F.2d 872, 879 (9th Cir. 1992) (reaffirming that "[i]t has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict"). See United States v. Wilcox, 487 F.3d 1163, 1173-74 (8th Cir. 2007) (quoting United States v. Thomas, 895 F.2d 1198, 1200 (8th Cir. 1990) ("To inform a federal jury about a defendant's punishment would only introduce improper and confusing considerations before it.")).

2. <u>Opinions on Guilt or Innocence:</u>

The United States requests an order precluding the defendant, his attorney(s), or any witness(es) from expressing, directly or indirectly, an opinion on the defendant's guilt or innocence. See Fed. R. Evid. 401. Any attempt by any defense witness to express an opinion on the defendant's guilt or innocence to the jury is a clear invasion of the province of the jury and should be prohibited. This evidence is also not relevant under Federal Rule of Evidence 401 and should not be admitted.

3. <u>Hearsay Statements of Defendant Offered by Defendant:</u>

The United States anticipates that the defendant might attempt to introduce, through other witnesses, his own prior statements. The United States anticipates that the defendant might not want to testify in this case, but he might attempt to introduce statements he may have made to other people prior to trial. Under Federal Rule of Evidence 801, statements of a defendant are not hearsay when they are offered by the United States. Fed. R. Evid. 801; <u>Williamson v. United States,</u> 512 U.S. 594, 599 (1994); <u>United States v. Ortega</u>, 203 F.3d 675, 682 (9th Cir. 2000) (following Rule 801's exclusion of a defendant's attempt to introduce exculpatory statements, uttered out-of-court, as hearsay, and adhering to Rules 801, 802, and 803). However, a defendant may not be allowed to introduce the defendant's hearsay statements to police officers, friends or relatives, or anyone else, because the statement is not being offered against a party. <u>Williamson</u>, 512 U.S. at 599; <u>Ortega</u>, 203 F.3d at 682. Allowing a defendant to put in his own statements or a defense through other witnesses is hearsay and thereby denies the United States the right of cross-examination of the defendant. <u>United States v. Fernandez</u>, 839 F.2d 639, 640 (9th Cir. 1988) (concluding that the defendant would have been allowed to set forth his exculpatory statements "before the jury without subjecting himself to cross-examination, precisely what the hearsay rule forbids"). <u>See generally</u> <u>Crawford v. Washington</u>, 541 U.S. 36 (2006).

4. <u>Plea Negotiations between the United States and Defendant:</u>

The United States further requests an order precluding the defendant from stating or eliciting, directly or indirectly, the topic of plea negotiations between the United States and the defendant, which did not result in a resolution of this case. Federal Rule of Evidence 410 explicitly prohibits this evidence.

5. <u>Reciprocal Discovery:</u>

Consistent with Federal Rule of Criminal Procedure 16, the United States again requests reciprocal discovery. The government will object to the introduction of any documents at trial that were not previously provided to the government and most likely will request that they be excluded from the record. <u>See generally</u> <u>Taylor v. Illinois</u>, 484 U.S. 400, 411-416 (1988) (approving sanctions against a defendant for blatant discovery violations).

///

///

6.  Sequestration of Witnesses:

Under Federal Rule of Evidence 615, "[a]t the request of a party[,] the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses."  Other than an agent and/or expert at counsel table for the United States, and other than the defendant at his table, the United States moves that all other witnesses be sequestered from the courtroom during the jury trial.

7.  Defendant's Notification of Defenses:

Under Federal Rule of Criminal Procedure 12.2, the United States moves for an order directing the defendant to immediately inform the government if he intends to rely on a defense of insanity, and whether he intends to present expert testimony relating to a mental disease or defect or any other mental condition bearing on the issue of guilt.  If no such issues will be raised, the United States requests an order precluding any of the defenses set forth in Rule 12.2 from being presented as a defense at trial.  Failure to provide such advance notice permits the court to exclude such evidence.

Following the requirements of Rule 12.1, the United States also seeks an order directing the defendant to advise the United States whether he intends to use an alibi defense.  The indictment adequately provides the relevant time span during which the alleged crime occurred.  In that regard, the United States requests all names and addresses of witnesses upon whom the defendant will rely for any alibi defense.  Moreover, the United States requests the time, date, and place at which the defendant claims to have been at the time of the alleged offense.  Similarly, if no such issues will be raised, the United States requests an order precluding any of the defenses set forth in Rule 12.1 as a defense at trial.

Conclusion

The motions in this filing are based on well-established statutory and case law principles.  The United States, like the defendant, is entitled to a fair trial, and these motions will assist with ensuring a ///

///

///

GOVERNMENT MOTIONS IN LIMINE                         4

fair trial for both parties. Accordingly, for the reasons set forth above, the United States respectfully request this court to grant the motions.

Dated: July 11, 2022

PHILLIP A. TALBERT
United States Attorney

By: /s/ DAVID L. GAPPA
DAVID L. GAPPA
Assistant United States Attorney