RICHARD M. OBERTO
ATTORNEY AT LAW
State Bar no. 247285
516 W. Shaw Ave. Ste 200
Fresno, California 93704
Telephone: (559) 221-2557

Attorney for Defendant,
Christopher Jeorge Millican

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br>    v.<br><br>CHRISTOPHER JEORGE MILLICAN,<br><br>    *Defendant*. | ) No. 1:20-cr-00040<br>)<br>) MOTIONS IN LIMINE BY THE<br>) DEFENDANT CHRISTOPHER JEORGE<br>) MILLICAN<br>)<br>)<br>) Date: 7/26/22<br>) Time: 8:30 a.m.<br>) Court: Hon. Dale A. Drozd<br>) |

**TO THE ABOVE ENTITLED COURT AND THE UNITED STATES ATTORNEY'S OFFICE:**

Please accept this as the motions in limine by the defendant CHRISTOPHER JEORGE MILLICAN ("Mr. Millican") in the above-entitled case. There are three motions in limine. First, the defense moves to preclude testimony from the prosecution expert in digital forensics, Craig Wyckoff. Second, the defense moves to preclude testimony from Hanford Police Department Officer Raymond Dias. Third, the defense moves to preclude any witness from opining that Mr. Millican has a sexual interest in minors.

**I.   Motion to preclude testimony from the prosecution expert in digital forensics, Craig Wyckoff.**

The prosecution expert Mr. Wyckoff searched a digital device allegedly belonging to Mr. Millican. Mr. Wyckoff found no evidence of child pornography and "[n]o evidence of contact with suspected minors." AUSA Discovery, Bates No. 46. Despite the negative findings, the prosecution wishes to elicit testimony from Mr. Wyckoff that amounts to

1

improper character and hearsay evidence.  Fed. R. Evid., rules 404(b), 802.

    According to discovery that the prosecution provided, Mr. Wyckoff found two noteworthy items when he searched the digital device allegedly belonging to Mr. Millican. First, he found accusatory messages that appeared to be from Mr. Millican's spouse and stating that she suspected he was using the deep web to browse contraband such as guns and counterfeit currency.  Second, he found a search record for the term "teen" and found other unspecified items relating to dark web activity.  Based on those findings, the prosecution proffered in a letter to defense counsel dated July 5, 2022, that Mr. Wyckoff's "training and experience would permit him to explain why he looked for those items and why the items recovered would indicate that a user of a particular device likely had a sexual interest in minors."

    The alleged digital messages from Mr. Millican's spouse are hearsay.  Fed. R. Evid., rule 802.  Her suspicion that Mr. Millican was using the dark web to look for contraband goods is character evidence tending only to prove that Mr. Millican is a bad person, likes contraband, and has a propensity to use the internet to obtain contraband.  *Id.*, rule 404(b). The search record for the term "teen" is likewise character evidence tending only to prove that Mr. Millican is a bad person, that he likes young women and underage girls, and that he has a propensity to use the internet to obtain photographs and videos of young women and underage girls.  *Id.*

    Mr. Wyckoff's explanation why he looked for the items he found on the digital device invariably would amount to improper character evidence.  Mr. Wyckoff presumably would opine about the characteristics of bad people who use the internet to obtain child pornography.  When a person is bad like that, the person's wife is apt to write him text messages expressing suspicion about online activity.  The bad person is also apt to use the dark web, since the activity there is difficult or impossible to trace, and is apt to enter search terms like "teen" that will cue up photographs and video of girls under the age of eighteen.  Finally, Mr. Wyckoff actually would opine that based on the phone records he found, the user probably has a sexual interest in underage girls.  All of this is improper

character evidence dressed up as expert opinion. Apart from the improper hearsay and character evidence, Mr. Wyckoff has nothing relevant to say about this case. He searched a digital device and found no evidence linking Mr. Millican to any alleged crime.

## II. Motion to preclude testimony from Hanford Police Department Officer Raymond Dias.

The prosecution witness Officer Dias wrote a search warrant affidavit for Mr. Millican's alleged Snapchat records. The prosecution has proffered a business records certification to authenticate the Snapchat records. The prosecution also proffers Officer Dias as an expert who can interpret those records. The court should preclude that testimony on the basis that Officer Dias lacks the required expert foundation and would be engaging in improper speculation. Fed. R. Evid., rule 702.

In a letter dated July 5, 2022, the prosecution proffered that "Officer Dias is familiar with Snapchat, its functionality, and he has served multiple search warrants on Snap, Inc. and reviewed content provided in response to those warrants." Accordingly, Officer Dias "can testify that Snap provided the content of the defendant's Snapchat account and then provide additional information about user names associated with chat communications as well as why more material was not recovered."

Officer Dias' proffered testimony that Snap provided the content of Mr. Millican's Snapchat account would lack the required expert foundation. Officer Dias has no basis to opine that the account belonged to Mr. Millican and that Snap provided the content of the account. He also has no basis to opine "about user names associated with chat communications as well as why more material was not recovered." The records speak for themselves. Officer Dias has no basis to opine about user names and to speculate why more material was not recovered.

## III. Motion to preclude any witness from opining that Mr. Millican has a sexual interest in minors.

A recurrent theme in recent prosecution filings is that Mr. Millican's alleged sexual interest in underage girls has some relevance in the case. It has no such relevance, apart

3

from the improper proof of Mr. Millican's bad character and propensity. Fed. R. Evid., rules 404(b). The court should preclude any witness from opining that Mr. Millican has a sexual interest in minors or underage girls.

**IV.     Conclusion.**

For the reasons stated, the court should grant Mr. Millican's motions in limine.

DATED: 7/13/22                     /s/Richard M. Oberto
                                   RICHARD M. OBERTO
                                   Attorney for Defendant,
                                   Christopher Jeorge Millican

4