PHILLIP A. TALBERT
United States Attorney
DAVID GAPPA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone (559) 497-4000

NADIA C. PRINZ
Trial Attorney
U.S. Dept. of Justice, Criminal Division
Child Exploitation and Obscenity Section
1301 New York Avenue NW, 11th Fl.
Washington, DC 20005
Telephone: (202) 774-7562
E-mail: nadia.prinz @usdoj.gov

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:20-CR-00040 DAD-BAM |
|---|---|
| Plaintiff, | GOVERNMENT RESPONSE TO DEFENSE MOTIONS IN LIMINE |
| v. | DATE: July 26, 2022 |
| CHRISTOPHER JEORGE MILLICAN, | TIME: 8:30 a.m. |
| Defendant. | COURT: Hon. Dale A. Drozd |

The United States of America by and through its attorneys, PHILLIP A. TALBERT, United States Attorney for the Eastern District of California, DAVID L. GAPPA Assistant United States Attorney, and NADIA PRINZ, Trial Attorney responds to the defendant's motions in limine filed on July 13, 2022.

1. Testimony of Craig Wyckoff

The defendant has objected to any testimony from Craig Wyckoff, a witness for whom the government has provided notice of qualifications to conduct and explain forensic examination of digital evidence. Although the defendant has suggested that there were only two forensic artifacts that Mr.

Wyckoff that were recovered, the government has outlined in its trial brief (Dkt. No. 65) at pages 7-9, multiple specific forensic artifacts that he recovered from a gaming laptop computer and a cellular phone that the defendant used. The government has outlined why those artifacts are relevant and explained that they indicate that a user of the laptop accessed files that had titles suggestive of minors and sexual activity. Wyckoff found evidence that suggested that the user of the laptop appeared to have a pattern of keeping files that referenced girls and sexual activity hidden, not only on a 4 terabyte hard drive (which was not recovered during the search of the defendant's residence), but also within folders that had benign names such as "training" or a "documents" folder within a "My Games" and "Titan Quest" folder. The evidence is not offered to show the defendant's bad character. Rather, the forensic artifacts are admissible evidence of the defendant's identity, absence of mistake, and knowledge of use of technology to sexually exploit minors by communicating with them and viewing images of their exploitation. The government does not intend to use text messages from the defendant's wife, nor does it intend to elicit testimony from Wyckoff that the defendant had a sexual interest in minors.

        2.   Testimony of Raymond Dias

The defendant has objected to testimony from Hanford Police Detective Raymond Dias to the extent that Dias would testify about any content that he obtained in response to a search warrant for the defendant's Snapchat account. The defendant has argued that "Dias lacks the required expert foundation and would be engaging in improper speculation" about what the records mean. The government provided notice about its proposed testimony from Detective (now Officer) Dias and stated that it does not believe that he needs to be qualified as an "expert" within the meaning of Federal Rule of Evidence. But to the extent it were necessary, Dias can testify that he has been in law enforcement for at least ten years and while serving as a detective (from approximately 2016-2021) he served approximately 10-15 search warrants for content from Snapchat accounts. He can testify that he reviewed the content provided in response to those search warrants and took additional investigative steps after interpreting the content. The government has provided seven demonstrative slides that would aid in his testimony (Exhibit 84), and Dias has stated that he is familiar with Snapchat's functionality both as someone who has investigated crimes in which evidence from Snapchat was useful and a user of the application. In light of this, Dias should be permitted to testify about Snapchat's basic functionality as well as the

GOVERNMENT RESPONSE TO DEFENSE  
MOTIONS IN LIMINE

2

content that he received in response to the search warrant that he served for evidence in the defendant's Snapchat account.

    3. Opinion Testimony about the Defendant's Sexual Interest in Minors

The defendant has referenced a "recurrent theme" in government filings that the defendant has a sexual interest in minors. The government does not intend to elicit direct testimony from any government witness that the defendant has a sexual interest in minors. The government reserves its right to argue that conclusion from any evidence that is admitted.

Dated: July 22, 2022

PHILLIP A. TALBERT
United States Attorney

By: /s/ DAVID L. GAPPA
DAVID L. GAPPA
Assistant United States Attorney

/s/ NADIA PRINZ
Trial Attorney

GOVERNMENT RESPONSE TO DEFENSE MOTIONS IN LIMINE     3