RICHARD M. OBERTO
ATTORNEY AT LAW
State Bar no. 247285
516 W. Shaw Ave. Ste 200
Fresno, California 93704
Telephone: (559) 221-2557

Attorney for Defendant,
Christopher Jeorge Millican

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 1:20-cr-00040 |
| *Plaintiff*, | ) SUPPLEMENTAL MOTION IN LIMINE BY THE DEFENDANT CHRISTOPHER JEORGE MILLICAN |
| v. | ) |
| CHRISTOPHER JEORGE MILLICAN, | ) Date: 7/26/22 |
| *Defendant*. | ) Time: 8:30 a.m. |
| | ) Court: Hon. Dale A. Drozd |

**TO THE ABOVE ENTITLED COURT AND THE UNITED STATES ATTORNEY'S OFFICE:**

Please accept this as the supplemental motion in limine by the defendant CHRISTOPHER JEORGE MILLICAN ("Mr. Millican") in the above-entitled case. The motion here follows from recent discussion with the prosecution regarding the anticipated witness testimony. It appears that the prosecution intends for various law enforcement officers (Hanford Sheriff's Deputy Dias and NCIS Special Agent Doerbaum) to summarize the data from various business records, including chat records from Snap Chat (Exhibit Nos. 17 to 37), IP address information from Snap Chat (Exhibit No. 16A), IP address information from Comcast (Exhibit No. 15), and Access History records from Naval Air Station ("NAS") Lemoore (Exhibit No. 86). Those summaries might be admissible under Federal Rules of Evidence, rules 701 ("Testimony by Lay Witnesses") and 1006 ("Summaries to Prove Content"), but under rule 701 ("rationally based on the witness's perception"), the officers are limited to summarizing what they personally observed in the

records, such as the following: That messages originated from a certain Snap Chat account; that messages originating from a certain Snap Chat account were sent to another Snap Chat account; that a Snap Chat account shows log-ins from particular IP addresses on certain dates; that an IP address pertains to a particular Comcast subscriber name and other information; and that the naval identification assigned to Mr. Millican is associated with access to particular areas of NAS Lemoore at certain times.

The officers should be precluded from testifying to inferences they may have drawn from the business records, which would include the following: (i) That Mr. Millican actually sent or received particular Snap Chat messages; (ii) that an alleged victim actually sent or received particular Snap Chat messages; (iii) that Mr. Millican actually logged onto Snap Chat or created a particular Snap Chat account; (iv) that Mr. Millican actually used particular IP addresses to log onto Snap Chat or create a particular Snap Chat account; and (v) that Mr. Millican accessed particular parts of NAS Lemoore at certain times. All of those inferences would be beyond the officers' rational perception, since the officers never actually saw Mr. Millican or any alleged victim use Snap Chat, send and receive messages, use a particular IP address, and never saw Mr. Millican access various parts of NAS Lemoore.

For the reasons stated, the court should grant Mr. Millican's supplemental motion in limine.

DATED: 7/23/22 */s/Richard M. Oberto*

RICHARD M. OBERTO
Attorney for Defendant,
Christopher Jeorge Millican