RICHARD M. OBERTO
ATTORNEY AT LAW
Cal. State Bar No. 247285
516 W. Shaw Ave. Ste 200
Fresno, California  93704
Telephone: (559) 221-2557

Attorney for the defendant,
Christopher Jeorge Millican

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) No. 1:20-cr-00040 |
|---|---|
| Plaintiff, | ) <br> ) SUPPLEMENTAL SENTENCING <br> ) MEMORANDUM BY THE DEFENDANT |
| v. | ) CHRISTOPHER JEORGE MILLICAN <br> ) |
| CHRISTOPHER JEORGE MILLICAN, | ) Hearing Date: 12/9/2022 <br> ) Hearing Time: 11:30 a.m. |
| Defendant. | ) Courtroom: 4 <br> ) District Judge: Dale A. Drozd <br> ) |

**To the United States District Court for the Eastern District of California, the United States Attorney's Office for the Eastern District of California, and the United States Probation Department for the Eastern District of California:**

Please accept this as the Supplemental Sentencing Memorandum by the defendant CHRISTOPHER JEORGE MILLICAN ("Mr. Millican").  By this supplemental filing, (i) Mr. Millican is moving for a two-level reduction under United States Sentencing Guidelines ("USSG") section 3E1.1(a) for acceptance of responsibility; (ii) he is withdrawing the objection that he engaged in a "pattern" of activity involving prohibited sexual conduct under USSG section 4B1.5(b)(1); (iii) he is withdrawing the objection that he misrepresented his identity for the purpose of persuading, enticing, coercing, or facilitating the travel of, a minor to engage in sexually explicit conduct under USSG section 2G2.1(b)(6); (iv) he is adding an objection that his conduct did not involve 600 or more images under USSG section 2G2.2(b)(7)(D); (v) he is adding an objection to the extent that recommended condition of supervised release No. 2 restricts contact with his own children; and (vi) he will be adding an objection that his SnapChat activity did not involve sexually explicit depictions of prepubescent children.

1

**I.     The court should grant a two-level reduction under United States Sentencing Guidelines ("USSG") section 3E1.1(a) for acceptance of responsibility.**

Mr. Millican demonstrated acceptance of responsibility at the initial interrogation where he waived his *Miranda*[1] rights and admitted all the criminal conduct charged in the case. At the sentencing hearing, he plans to express remorse and acknowledge the truth of the evidence against him. While he did proceed to trial, he did so believing a jury trial was God's plan for him and understanding the very long odds against an acquittal. His defense counsel minimally cross-examined witnesses and put on no evidence. Defense counsel did object to some of the prosecution's proposed evidence, but namely on relevance grounds. Following those objections, the prosecution pared down its presentation in some respects, such as by cutting out the proposed forensic computer expert, Craig Wyckoff.

The USSG provides for a two-level reduction where "the defendant clearly demonstrates acceptance of responsibility for his offense . . . ." USSG, sec. 3E1.1(a). To determine whether the reduction applies, the USSG provides the following non-exclusive considerations:

> (A) truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct). Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a). A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection. A defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility, but the fact that a defendant's challenge is unsuccessful does not necessarily establish that it was either a false denial or frivolous;
> (B) voluntary termination or withdrawal from criminal conduct or associations;
> (C) voluntary payment of restitution prior to adjudication of guilt;
> (D) voluntary surrender to authorities promptly after commission of the offense;
> (E) voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense;
> (F) voluntary resignation from the office or position held during the commission of the offense;
> (G) post-offense rehabilitative efforts (*e.g.*, counseling or drug treatment); and
> (H) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.

---

1. *Miranda v. Arizona*, 384 U.S. 436 (1966).

*Id.*, Application Notes, n. 1.  The reduction does not require that the defendant plead guilty. (*Id.*, n. 2; *United States v. Mohrbacher*, 182 F.3d 1041, 1052 (9th Cir. 1999).  As the Ninth Circuit has explained, "Our focus on the defendant's personal contrition, rather than on his exercise of his constitutional rights, best serves the purposes of the acceptance of responsibility reduction."  *United States v. McKinney*, 15 F.3d 849, 853 (9th Cir. 1993)

In *McKinney*, the Ninth Circuit determined that a defendant who went to trial and put on a minimal defense was entitled to a reduction under the USSG for acceptance of responsibility.  *McKinney*, 15 F.3d at 852-54.  The court observed that the defendant tried to plead guilty to charges of armed robbery and using a firearm during a crime of violence, but did not try to plead guilty to a third charge of conspiracy.  *Id.* at 850, 854.  When the defendant did proceed to trial, he "put on the most minimal and perfunctory of defenses." *Id.* at 852.  The court explained as follows:

> He did not raise an affirmative defense or even put on a witness to contest a material part of the government's case. He relied almost exclusively on his counsel's elementary questioning on cross-examination. This is hardly the kind of defense that refutes the strong inference that McKinney accepted responsibility.

*Id.*  In addition to the minimal defense, the defendant upon being arrested identified himself, aided the investigation, and confessed.  *Id.* at 852-53, citing USSG secs. 3E1.1 cmts. 1(c), (e), (g) (1991).  The court explained as follows:

> Immediately after his arrest, McKinney truthfully identified himself and told the arresting officers where the gun used in the robbery was located.  At the police station, he confessed to committing the robbery and explained how he acquired the gun used in the robbery.  McKinney's assistance to the authorities strongly indicates that he deserved the two-level reduction.

*Id.* at 853.

As *McKinney* observed, the Ninth Circuit previously "found the acceptance of responsibility reduction appropriate in cases where the defendants' contrition seemed far less genuine than McKinney's."  *McKinney*, 15 F.3d at 853.  In one previous opinion, "we vacated a sentence and instructed the district court to consider whether a defendant was entitled to the reduction where she pled not guilty only because she could not obtain a favorable plea bargain."  *Id.* (citing *United States v. Johnson*, 956 F.2d 894, 904 (9th

Cir.1992)). In another previous opinion, "we upheld a grant of the reduction because the district court found that the defendant was sincerely contrite despite the fact that his expression of remorse came at the 'eleventh hour'— his sentencing hearing." *Id.* at 854 (citing *United States v. Hill*, 953 F.2d 452, 461 (9th Cir.1991)).

As in *McKinney*, the court should grant Mr. Millican a two-level reduction under USSG section 3E1.1(a) for acceptance of responsibility. While Mr. Millican did proceed to trial, he put on a minimal defense. Defense counsel minimally cross-examined witnesses, sticking to elementary questions about what the investigating agents did and what the complaining witness knew. The cross-examination never sought to impeach any witnesses by confronting them with anything that might contradict their testimony. The defense never sought to exclude Mr. Millican's confession based on a *Miranda* or Due Process objection. The defense put on no evidence and never tried to advance any affirmative defense. In closing argument, defense counsel relied on a theory of reasonable doubt.

Like the defendant in *McKinney*, Mr. Millican assisted the investigating agents upon being arrested and confessed to all of the crimes charged. He provided the agents with information that they otherwise never would have discovered. During the initial interrogation, Mr. Millican revealed that he chatted with a minor about meeting in Pensacola, that he received nude images from approximately ten minors, and that he engaged in illicit browsing on the dark web. Trial Exh. No. 85; AUSA Discovery, Bates Nos. 734, 750-751, 757. He identified the SnapChat account he used and admitted to messages he exchanged with various individuals who appeared to be minors, including the victim in the present case. *Id.* at 745, 754.

Mr. Millican meets at least six of the factors listed in the Application Notes to USSG section 3E1.1. First, he truthfully admitted the conduct comprising the offenses of conviction and is not falsely or frivolously denying any relevant conduct. USSG, sec. 3E1.1, Application Notes, n.1(A). The only relevant conduct he is denying is that the total images he received amounted to 600 or more, as explained in Argument section IV below. Even then, the total number of images only factors into the guideline sentencing range for

count two, which is not the controlling count for calculating the total offense level.

Second, before Mr. Millican was ever arrested, he voluntarily stopped his criminal conduct. USSG, sec. 3E1.1, Application Notes, n.1(B). As he stated in his interrogation, he stopped trying to contact minors online around the time that he received the illicit videos from the victim. Trial Exh. No. 85; AUSA Discovery, Bates Nos. 755-56. After July of 2018, there was no indication that Mr. Millican continued to try to contact minors online. Meanwhile, he was not arrested until several months later on December 17, 2018.

Third, Mr. Millican voluntarily assisted the authorities in recovering the fruits and instrumentalities of the offense. USSG, sec. 3E1.1, Application Notes, n.1(E). During the interrogation, Mr. Millican provided the passcode to his I-Pad, which the prosecution was able to open and analyze. AUSA Discovery, Bates No. 727. Mr. Millican otherwise explained that the Samsung phone he used to commit the offenses several months earlier was missing or stolen. *Id.* at 729.

Fourth, Mr. Millican did not oppose his separation from the Navy. USSG, sec. 3E1.1, Application Notes, n.1(F). His non-opposition in that respect was substantially equivalent to a voluntary resignation. *Id.* With the assistance of military-appointed counsel, Mr. Millican tried to make the case for a General Discharge, instead of Other than Honorable, which would have salvaged some benefits. The strategy failed, but does not change the point that Mr. Millican accepted his separation from the Navy and only made the case for less punitive terms.

Fifth, Mr. Millican engaged in post-offense rehabilitative efforts by seeing a counselor through the Navy, connecting with a church pastor for spiritual guidance, and maintaining gainful employment at an auto shop. USSG, sec. 3E1.1, Application Notes, n.1(F). The counseling through the Navy did not address the offense conduct, but did address issues arising from the aftermath of Mr. Millican's arrest. In that aftermath, Mr. Millican encountered hostility on the naval base, increased marital and financial difficulties, and an impending transition back to life in the community. Following the Navy separation, Mr. Millican established a new residence at a trailer park in Coalinga, using a

trailer home that his church pastor let him borrow.  He maintained gainful employment at a business called Oil Changers and worked as much as possible to save up money for his family, recognizing the very long odds against an acquittal.

Sixth, Mr. Millican timely demonstrated his acceptance of responsibility.  Several months before he was arrested and confessed, he voluntarily stopped contacting minors online.  USSG, sec. 3E1.1, Application Notes, n.1(H).  While he did proceed to a jury trial, he did so believing the trial was God's plan for him.  When presented with the option of a potential plea bargain agreement, he consulted his faith and received no response from God.  He also consulted his wife, Hannah Millican ("Ms. Millican"), who is known, at least to Mr. Millican, for her visionary abilities.  Ms. Millican received a vision and told Mr. Millican that God's plan for him involved a jury trial.  According to Mr. Millican's faith, God communicates His will through worldly authorities, even if those authorities do not know it.  Mr. Millican felt that by proceeding to trial, he was submitting to God's will, as transmitted through worldly authorities.  The prosecution might contend that defense counsel's opening statement and closing argument did not come across as acts of submission.  Even so, the reduction for acceptance does not require that defense counsel concede guilt or put on a sham trial.  During argument, defense counsel may have attempted to call the evidence into doubt, particularly the confession and IP addresses, but he never attempted to exclude the evidence, such as by claiming a *Miranda*, Due Process, or Fourth Amendment violation.

**II.     Mr. Millican is withdrawing the objection that he engaged in a "pattern" of activity involving prohibited sexual conduct under USSG section 4B1.5(b)(1)**.

Mr. Millican notified the prosecution a couple weeks ago that he would be withdrawing the objection that he engaged in a "pattern" of activity under USSG section 4B1.5(b)(1).  The withdrawal corresponds to formal objection No. 2 previously filed.  Dkt. No. 88, p. 4.

///

///

**III.   Mr. Millican is withdrawing the objection that he misrepresented his identity for the purpose of persuading, enticing, coercing, or facilitating the travel of, a minor to engage in sexually explicit conduct under USSG section 2G2.1(b)(6).**

Mr. Millican notified the prosecution a couple weeks ago that he would be withdrawing the objection that he engaged in a "pattern" of activity under USSG section 2G2.1(b)(6). The withdrawal corresponds to formal objection No. 1 previously filed. Dkt. No. 88, p. 3.

**IV.   Additional Objection No. 1: There is insufficient evidence that Mr. Millican's conduct as to the receiving count involved 600 or more images under USSG section 2G2.2(b)(7)(D).**

Mr. Millican objects to the five-level enhancement in count two for an offense involving 600 or more images. Dkt. No. 87, PSR, p. 9, para. 33. He would have no objection that based on the evidence presented at trial, the number of images would come to 165, counting each video counts as 75 images. Mr. Millican would not dispute that he received additional images from the victim, but he does not recall any amount that would total 600 or more sexually explicit images. Meanwhile, the prosecution has not produced any discovery that shows what additional number of images the victim sent Mr. Millican and what number of those images involved sexually explicit conduct.

For the crime of receiving child pornography, the USSG provides level enhancements based on the number of images involved. USSG, sec. 2G2.2(b)(7). The greatest enhancement under that provision is five levels, which applies where the offense involved 600 or more images. *Id.*, sec. 2G2.2(b)(7)(D).

The prosecution reports that in post-verdict interviews, the victim recalled sending Mr. Millican a combination of photographs and videos that would bring the total number of sexually explicit images to 600 or more. That report by the prosecution does not establish the necessary foundation that the victim used some rational means to calculate the number of images and that she also had in mind the legal definition of child pornography.

///

///

///

**V.   Additional Objection No. 2: Recommended condition of supervised release No. 2 is unreasonable to the extent it restricts contact with Mr. Millican's own children.**

The Presentence Report ("PSR") recommends prohibiting Mr. Millican from contact with children, including his own children, unless he receives advance permission from his probation officer.  Dkt. No. 87-1, p. 3, Special Condition No. 2.  The recommended condition would require that Mr. Millican "not have direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer in advance." *Id.*  Mr. Millican does not object to the condition to the extent it pertains to children not his own, but does object that the condition lacks the required reasonable basis as to his own children.

As explained in the formal objections previously filed, conditions of supervised release must be reasonable under 18 U.S.C. § 3583(d).  Dkt. No. 88, p. 7.  In the present case, the recommended condition as applied to Mr. Millican's own children does not meet any of the criteria under section 3583(d).  The PSR has not demonstrated that Mr. Millican poses any danger to his own children and has not considered the constitutional impingement involved in restricting Mr. Millican's contact with his own children.  U.S. Const., 5th Amend. (Due Process).

**VI.  Additional Objection No. 3: The Presentence Report incorrectly states that Mr. Millican's SnapChat activity involved sexually explicit depictions of prepubescent children.**

The PSR relies on a search warrant affidavit for the statement that Mr. Millican's illicit SnapChat activity involved prepubescent children.  Dkt. No. 87, p. 5, para. 8.  The actual affidavit did state that the children were "prepubescent," but also stated that those children appeared to be between the ages of 13 and 16.  The latter statement contradicted the former, demonstrating that the former statement was very likely inaccurate.

**VII. Conclusion.**

For the reasons stated, the court should find a two-level reduction under the USSG for acceptance, should note the two objections withdrawn, and should grant the three

///

additional objections to the PSR.

DATED: 11/17/2022                         */s/ Richard M. Oberto*
                                          RICHARD M. OBERTO
                                          Attorney for the defendant,
                                          Christopher Jeorge Millican