IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:20-cr-00040-DAD-EPG |
| Plaintiff, | ) ) | **AMENDED[1] ORDER ON** |
| v. | ) ) | **GOVERNMENT'S MOTION FOR AN ORDER FINDING A PARTIAL** |
| | ) ) | **WAIVER OF THE ATTORNEY-CLIENT AND WORK PRODUCT** |
| CHRISTOPHER JEORGE MILLICAN, | ) ) | **PRIVILEGES, AND FOR AN EXTENSION OF TIME** |
| Defendant. | ) | |
| | ) ) | |
| | ) | |

**<u>ORDER</u>**

Good cause appearing, the United States' motion for partial waiver of petitioner Christopher Millican's attorney-client privilege and the work product privilege, and for the compelled discovery of responsive attorney-client communications and work product is GRANTED as follows:

(1)     The attorney-client privilege of defendant Christopher Millican is waived with respect to all communications between defendant Christopher Millican and his former attorney Richard Oberto and his staff and agents, concerning events and facts related to defendant's claims of ineffective assistance of counsel in defendant's § 2255 motion in *United States v. Christopher Millican*, No. 1:26-cr-00923 DAD-EPG.

---

[1]  This amended order is issued in order solely to set the date of November 20, 2026, for the filing of any reply by defendant Millican in light of the extension of time being granted to the government for the filing of their opposition.

1

(2)    The work product privilege is waived with respect to the work product of Richard Oberto and his staff and agents, concerning events and facts related to defendant's claims of ineffective assistance of counsel in his § 2255 motion.

(3)    Attorney Richard Oberto and his staff and agents shall disclose to the government all communications between counsel and defendant Christopher Millican concerning events and facts related to defendant's claims of ineffective assistance of counsel in his § 2255 motion.

(4)    Attorney Richard Oberto and, as appropriate, his staff and agents shall provide by August 7, 2026, the government with a declaration addressing the communications with defendant and work product concerning events and facts related to the ineffective assistance of counsel claims presented in defendant's § 2255 motion, and shall communicate and coordinate with government counsel to ensure that all issues are adequately addressed in the declaration.

(5)    The government shall not use for any purpose or disclose to any party or in any proceeding beyond this action the privileged material it obtains in connection with the pending § 2255 motion proceeding.  *See Lambright v. Ryan,* 698 F.3d 808, 818 (9th Cir. 2012); *Bittaker v. Woodford*, 331 F.3d 715, 722, 728 (9th Cir. 2003).

ALTERNATIVELY, the Court orders that if the finding of waiver changes the petitioner's decision on whether or not to proceed with the petition, he must notify this court within twenty-one (21) court days of the date of this order by withdrawing his allegations concerning ineffective assistance of counsel in his motion.  Failure to do that confirms the alternative portion of this order finding waiver.

The government's motion for an extension of time, through October 9, 2026, to file its response to defendant Millican's § 2255 motion is GRANTED.  Defendant Millican's reply, if any, is now to be filed on or before November 20, 2026.

IT IS SO ORDERED.

Dated:    **July 8, 2026**                                    _Dale A. Drozd_
                                                          DALE A. DROZD
                                                          UNITED STATES DISTRICT JUDGE

2